**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No. __:18-cv-_____
District Judge: _____
Magistrate Judge:_____
_____/

CDS Gulfstream, LLC
individually and as a class on behalf of
other similarly situated individuals and business entities
that were induced by Defendant Andrew Greenbaum
a/k/a Avi Greenbaum and Defendant Steve Michael
a/k/a Steven Michael into investing monies in entities
for real estate investments from and after March 27, 2014.

                          Plaintiff,
    - against -

Andrew Greenbaum a/k/a Avi Greenbaum,
Steve Michael a/k/a Steven Michael
HH Gulfstream LLC and
Hudson Holdings LLC

                       Defendants.
_____/

| COMPLAINT |
| :---: |

## COMPLAINT

Plaintiff by their attorneys, ROSEN LAW LLC for its complaint in this action, alleges

as follows:

### JURISDICTION AND VENUE

1.      **That the United States District Court for the Southern District of**

**Florida has jurisdiction over the parties, pursuant to (i) Title 28 of the United States**

**Code §1331 – Federal Question and (ii) Title 18 of the United States Code §1964(c), for**

**violation of Title 18 of the United States Code §1961 – Racketeering Influenced Corrupt**

**Organizations Act.   Plaintiff also seeks relief pursuant to Florida state law under**

supplemental jurisdiction pursuant to Title 28 of the United States Code §1367. Venue is proper pursuant to Title 29 of the United States Code §1391(b)(1) and Title 29 of the United States Code §1391(b)(2) as Defendants reside in Palm Beach County, Florida within the jurisdiction of the United States District Court for the Southern District of Florida and the events complained of herein occurred in the jurisdiction of the United States District Court for the Southern District of Florida.

    2.  Plaintiff demands a jury trial.

    3.  Plaintiff CDS Gulfstream, LLC is a Florida limited liability company with its principal place of business located in Palm Beach County, Florida.

    4.  Plaintiff CDS Gulfstream, LLC is a legal entity capable of holding a legal interest in property.

    5.  CDS Gulfstream, LLC commences this action individually and collectively and/or as a class on behalf of other similarly situated individuals and business entities that were induced by Defendant Andrew Greenbaum a/k/a Avi Greenbaum and Defendant Steve Michael a/k/a Steven Michael into investing monies in entities for real estate investments from and after March 27, 2014 and who lost monies.

    6.  Defendant Andrew Greenbaum a/k/a Avi Greenbaum is a resident of Palm Beach County, Florida, residing at 7618 Stockton Terrace, Boca Raton, Florida ("Defendant Andrew Greenbaum").

    7.  Defendant Andrew Greenbaum is a culpable person and is able to hold a legal or beneficial interest in property.

    8.  Defendant Steve Michael a/k/a Steven Michael is a resident of Palm Beach County, Florida ("Defendant Steve Michael").

9.      Defendant Steve Michael is a culpable person and is able to hold a legal or beneficial interest in property.

10.     Defendant HH Gulfstream LLC is a Florida limited liability company and is a culpable person and is able to hold a legal or beneficial interest in property.

11.     Defendant Hudson Holdings LLC is a Florida limited liability company and is a culpable person and is able to hold a legal or beneficial interest in property.

12.     The activity of the racketeering enterprise as set forth in this complaint and the predicate acts described in this complaint affect interstate commerce.

13.     Defendant Andrew Greenbaum and Defendant Steve Michael are each a culpable person who conducted an enterprise affecting interstate commerce through a pattern of racketeering activity.

14.     Defendant Andrew Greenbaum and Defendant Steve Michael have demonstrated a pattern of racketeering of at least two acts of racketeering activity all of which have occurred within the ten years of each other.

15.     Upon information and belief, Defendant Andrew Greenbaum used a variety of legal entities to commit the fraudulent activities alleged herein and in order to further the pattern of racketeering activity as alleged herein, including but not limited to Defendant HH Gulfstream LLC, Defendant Hudson Holdings LLC, Hudson Real Estate Advisors, LLC, HH Linton Towers Two, LLC, Hudson 52 West Atlantic, LLC, HH 52 West Atlantic, LLC, HH Louisville Starks LLC, HH Louisville I Real Estate Acquisition Group, LLC, Hudson Acquisition Group LLC, Hudson Real Estate Acquisition Group LLC, Hudson Cleveland Huntington LLC, Hudson Orlando Real Estate Manager LLC, Hudson Louisville Republic LLC, Hudson Cincinnati Textile LLC, Hudson 1500 St. Louis LLC, Hudson KC

Mark Twain LLC, Hudson Family Office LLC, Hudson St. Louis Railway LLC, Hudson Healthcare LLC, Hudson Capital Partners LLC, Triple Double Investments LLC, GFT Recovery LLC, Graphite Partners LLC, Palladium Partners LLC, ROM Ventures LLC, G & G Waterford Management LLC, G & G Waterford LLC, HC Walden Arbor Properties LLC, HC Walden Arbor Holdings LLC, Spin on Media LLC, Stage Capital LLC, HP Andre Way LLC and Hudson Andre Way LLC.

16.     Upon information and belief, Defendant Steve Michael used a variety of legal entities to commit the fraudulent activities alleged herein and in order to further the pattern of racketeering activity as alleged herein, including but not limited to Defendant HH Gulfstream LLC, Defendant Hudson Holdings LLC, Downtown Delray Development II, LLC, Hudson Real Estate Advisors, LLC, HH Boynton LLC, MGM Delray Management LLC, Hudson Delray LLC, HH Delray LLC, Hudson Sunday House LLC, Hudson Sunday House Operations LLC, Hudson Real Estate Manager, LLC, Hudson Opportunity Fund I, LLC, Hudson Opportunity Fund I Advisor, LLC, Hudson Opportunity Fund I IM, LLC, Hudson Orlando Real Estate Managers LLC, Hudson St. Louis Railway LLC, Hudson Andre Way LLC, Stonehenge Diversified III LLC, Stonehenge Services LLC, Stonehenge Emerging Manager Group LLC and 20 West Atlantic LLC.

17.     HH Gulfstream Land Holdings, LLC is the owner of real property located at 1 Lake Avenue, 11 Lake Avenue, 12 S. Lakeside Drive, 14 S. Lakeside Drive, 20 S. Lakeside Drive, 22 S. Lakeside Drive and 24 S. Lakeside Drive, Lake Worth, Palm Beach County, Florida known as the Gulfstream Hotel (the "Gulfstream Hotel").

18.     The Gulfstream Hotel is a property which was listed on the National Register of Historic Places by the Untied States Department of the Interior.

19. HH Gulfstream Land Holdings, LLC acquired the Real Property on May 7, 2014 by special warranty deed recorded in the Official Records of Palm Beach County in Book #26793, Page 1340, for the sum of $7,225,000.

20. HH Gulfstream Land Holdings, LLC was formed as a Delaware limited liability company on January 23, 2014.

21. HH Gulfstream Land Holdings, LLC filed an application by a foreign limited liability company for authorization to transact business in Florida on May 8, 2014 by a filing made with the Florida Secretary of State as filing number M14000003163.

22. The sole member of HH Gulfstream Land Holdings, LLC is HHG Land Holdings, LLC, a Delaware limited liablity company.

23. The members of HHG Land Holdings, LLC, a Delaware limited liablity company are Plaintiff, CDS Gulfstream, LLC and Defendant HH Gulfstream LLC.

24. On May 20, 2014, an application by a foreign limited liability company to file an amendment to the certificate of authority to transact business in Florida was filed with the Florida Secretary of State as filing number M14000003163 adding HHG Land Holdings LLC as a member and removing HH Gulfstream LLC as a member of HH Gulfstream Land Holdings, LLC.

25. HHG Land Holdings LLC is a member of HH Gulfstream Land Holdings, LLC.

26. HHG Land Holdings LLC is a Delaware limited liability company formed on May 9, 2014.

27.     The sole member of HH Gulfstream Land Holdings, LLC is HHG Land Holdings LLC, a Delaware limited liability company and CDS Gulfstream, LLC, a Florida limited liability company.

28.     HH Gulfstream LLC was formed as a Florida limited liability company on January 27, 2014 by filing of the Electronic Articles of Organization in the Office of the Florida Secretary of State as file no. L14000014271.

29.     Between January 27, 2014 and October 31, 2016, the sole managing member of HH Gulfstream LLC was Hudson Lake Worth LLC.

30.     Hudson Holdings LLC was formed as a Florida limited liability company on March 15, 2006 by filing of the Electronic Articles of Organization in the Office of the Florida Secretary of State as file no. L06000027691.

31.     When Hudson Holdings LLC was formed as a Florida limited liability, the managing members were Defendant Andrew Greenbaum and Neil Greenbaum.

32.     On May 7, 2008, Defendant Andrew Greenbaum and Neil Greenbaum were replaced as managing members of Hudson Holdings, LLC with Triple Double Limited Partnership and Mayfield Investment Limited Partnership as the managing members of Hudson Holdings, LLC, pursuant to the filed 2008 Limited Liability Company Annual Report filed in the Office of the Florida Secretary of State as file no. L06000027691.

33.     As of March 9, 2017, according to the records filed in the Office of the Florida Secretary of State as file no. L06000027691 in the 2017 Florida Limited Liability Company Annual Report, the sole manager of Defendant Hudson Holdings, LLC is Triple Double Limited Partnership and the registered agent of Defendant Hudson Holdings, LLC is Defendant Andrew Greenbaum.

34.     Upon information and belief, the general partner of Triple Double Limited Partnership is Defendant Andrew Greenbaum.

35.     On October 31, 2016, Hudson Lake Worth LLC was removed as the managing member of HH Gulfstream LLC and Hudson Real Estate Manager, LLC was added as the managing member of HH Gulfstream LLC by a filing made in the Office of the Florida Secretary of State as file no. L14000014271.

36.     Hudson Real Estate Manager, LLC was formed as a Florida limited liability company on January 15, 2015 by filing of the Electronic Articles of Organization in the Office of the Florida Secretary of State as file no. L15000008995.

37.     Between January 15, 2015 and the present date, the Authorized Representatives of Hudson Real Estate Manager, LLC were Defendant Andrew Greenbaum and Defendant Steven Michael.

38.     CDS Gulfstream, LLC was formed as a Florida limited liability company on May 9, 2014 by filing of the Electronic Articles of Organization in the Office of the Florida Secretary of State as file no. L14000075740.

39.     Between May 9, 2014 and the present date, the sole managing member of CDS Gulfstream, LLC was CDS International Realty LLC.

40.     CDS International Realty LLC was formed as a Florida limited liability company on December 7, 2000 by filing of the Electronic Articles of Organization in the Office of the Florida Secretary of State as file no. L00000015082.

41.     The managers of CDS International Realty LLC are William Milmoe and Karen Vermilyea, affiliated with Plaintiff.

42.     CDS Gulfstream, LLC, owns 51% of the membership interests / units in HH Gulfstream Land Holdings, LLC.

43.     HH Gulfstream LLC owns 49% of the membership interests / units in HH Gulfstream Land Holdings, LLC.

44.     In or about April 2014, representatives of Plaintiff, including William Milmoe as well as Carl DeSantis met with Defendant Steve Michael in Palm Beach County, Florida, wherein Defendant Steve Michael presented an offer to Plaintiff's representatives for Plaintiff to invest monies to acquire an interest in the Real Property.

45.     The meetings which occurred between April 1, 2014 and May 13, 2014 by William Milmoe, as a representative of Plaintiff, with Defendant Steve Michael occurred in Lake Worth, Florida and Boca Raton, Florida.

46.     The meetings which occurred between April 1, 2014 and May 13, 2014 by William Milmoe, as a representative of Plaintiff, with Defendant Andrew Greenbaum occurred in Lake Worth, Florida and Boca Raton, Florida.

47.     The meetings which occurred between April 1, 2014 and May 13, 2014 by Carl Desantis, as a representative of Plaintiff, with Defendant Steve Michael occurred in Boca Raton, Florida.

48.     The meetings which occurred between April 1, 2014 and May 13, 2014 by Carl Desantis, as a representative of Plaintiff, with Defendant Andrew Greenbaum occurred in Boca Raton, Florida.

49.     The purpose of the meetings and communications between April 1, 2014 and May 13, 2014 between William Milmoe and Defendant Andrew Greenbaum and Defendant Steve Michael was for Defendant Andrew Greenbaum and Defendant Steve

Michael to convince William Milmoe to have Carl Desantis, or an entity owned by or affiliated with Carl Desantis to invest in the Real Property.

50.   The purpose of the meetings and communications between April 1, 2014 and May 13, 2014 between Carl Desantis and Defendant Andrew Greenbaum and Defendant Steve Michael was for Defendant Andrew Greenbaum and Defendant Steve Michael to convince Carl Desantis, or an entity owned by or affiliated with Carl Desantis to invest in the Real Property.

51.   Between April 1, 2014 and May 13, 2014, Defendant Steve Michael and Defendant Andrew Greenbaum induced Plaintiffs and its officers and agents to invest in the Real Property using email communications.

52.   Between April 1, 2014 and May 13, 2014, Defendant Steve Michael and Defendant Andrew Greenbaum induced Plaintiffs and its officers and agents to invest in the Real Property using telephonic communications.

53.   Between April 1, 2014 and May 13, 2014, Defendant Steve Michael and Defendant Andrew Greenbaum induced Plaintiffs and its officers and agents to invest in the Real Property using the United States Mail.

54.   Between April 1, 2014 and May 13, 2014, representatives of Plaintiff, including William Milmoe as well as Carl DeSantis, met on several occasions with Defendant Steve Michael and Defendant Andrew Greenbaum in Palm Beach County, Florida.

55.   Defendant Steve Michael and Defendant Andrew Greenbaum told Plaintiff, including William Milmoe and Carl DeSantis, that they needed approximately $7,500,000 to purchase the mortgage note on the Real Property from Great Oak Pool I LLC, which owned the mortgage note on the Real Property.

56.     On May 9, 2014, HH Gulfstream Lender, LLC, a Delaware limited liability company, acquired the mortgage and mortgage note for the Real Property from Great Oak Pool I LLC, pursuant to an assignment of mortgage recorded in the Official Records of Palm Beach County in Book #26793, Page 1317.

57.     On May 13, 2014, HH Gulfstream Lender, LLC, provided a satisfaction of mortgage for the mortgage recorded in the Official Records of Palm Beach County in Book #26793, Page 1317 and such satisfaction of mortgage was recorded in the Official Records of Palm Beach County in Book #26793, Page 1376.

## BASIS FOR RICO PREDICATE ACTS AND CLASS ACTION UNDER FED.R.CIV.PRO 23 PARTICIPATION

58.     A past, present, and likelihood of a future pattern of fraudulent conduct by Defendant Andrew Greenbaum and Defendant Steve Michael is clear and evident as set forth herein.

59.     The class of individuals and business entities that have been defrauded by Defendant Andrew Greenbaum and Defendant Steve Michael are so numerous that joinder of all members is impracticable, warranting a class action under Fed.R.Civ.Pro Rule 23.

60.     There are questions of law and fact common to all of the individuals and business entities that have been defrauded by Defendant Andrew Greenbaum and Defendant Steve Michael, warranting a class action under Fed.R.Civ.Pro Rule 23.

61.     The claims of Plaintiff are typical of the claims of the class warranting a class action under Fed.R.Civ.Pro Rule 23.

62.     Plaintiff will fairly and adequately protect the interests of all of the individuals and business entities that have been defraued by Defendant Andrew Greenbaum and Defendant Steve Michael.

63.     Defendant Andrew Greenbaum and Defendant Steve Michael are direct and/or indirect principals of and/or agents, employees, members and officers of Defendant Hudson Holdings LLC, a Florida limited liability company.

64.     Upon information and belief, Defendant Hudson Holdings LLC is the is the main entity owned by Defendant Andrew Greenbaum and Defendant Steve Michael, which is used to solicit investors to make investments.

65.     Upon information and belief, Defendant Hudson Holdings LLC, Defendant HH Gulfstream LLC, Defendant Andrew Greenbaum and Defendant Steve Michael have sold securities and raised monies from individuals without filing proper documents with the United States Securities and Exhange Commission.

66.     In the past several years, Defendants have solicted investors to make investments in real estate ventures, which resulted in the continuous pattern of defrauding of such investors, where investors gave money to entities created by Defendant Andrew Greenbaum and Defendant Steve Michael, and such entities failed to repay the investors and failed to perform as promised to the investors.

67.     On or about April 8, 2015, Defendant Andrew Greenbaum and Defendant Steve Michael filed a Form D with the United States Securities and Exchange Commission, which is a Notice of Exempt Offering of Securities for Hudson Opportunity Fund I LLC as the issuer of Pooled Investment Fund Interests, as filed with the United States Securities and Exchange Commission under CIK # 0001262990.

68.     Defendant Andrew Greenbaum and Defendant Steve Michael sought to raise the sum of $75,000,000 for the Hudson Opportunity Fund I LLC.

69.     Defendant Andrew Greenbaum and Defendant Steve Michael failed to register the sale of limited liability company interests with the United States Securities and Exchange Commission for the sale of the limited liability company interests in HH Gulfstream Land Holdings LLC to Plaintiff.

70.     Defendant Andrew Greenbaum and Defendant Steve Michael failed to register the sale of limited liability company interests with the United States Securities and Exchange Commission for the sale of the limited liability company interests in any limited liability company or partnership to any of the plaintiffs in lawsuits set forth below in this complaint.

71.     According to public records, on August 24, 2016, Dharma Properties, Inc. and Thomas E. Worrell, Jr. filed a lawsuit against Hudson Holdings LLC, Hudson Sundy House Operations, LLC, and Defendant Steve Michael for, inter alia,  real estate swindle and fraud in the inducement  in the Circuit Court of the 15th Judicial Circuit in and for Palm Beach County, Florida under Case No. 502016-CA-009637-XXXX-MB which conduct by Defendant Steve Michael serves as a predicate act herein for mail fraud and wire fraud.

72.     According to public records, on June 28, 2017, David Correia, Lev Parnas and Newco Partners filed a lawsuit against Defendant Andrew Greenbaum, Defendant Steve Michael, and Hudson Holdings LLC for, inter alia, fraud in the inducement, fraud against Andrew Greenbaum, Steven Michael and Hudson Holdings, LLC in the Circuit Court of the 15th Judicial Circuit in and for Palm Beach County, Florida under Case No. 502017-

CA-007304-XXXX-MB which conduct by Defendant Andrew Greenbaum and Defendant Steve Michael serves as a predicate act herein for mail fraud and wire fraud. In this action, Plaintiffs claim that Defendant Andrew Greenbaum and Defendant Steven Michael, inter alia, made false representations of the Plaintiffs in order for Hudson Holdings LLC to obtain a $10,000,000 loan from Plaintiffs.

73.     According to public records, on February 8, 2017, Terry V. Woods filed a lawsuit against Defendant Andrew Greenbaum and Hudson Orlando Acquisition Group, LLC for, inter alia, fraudulent misrepresentation, breach of promissory note, money lent, in the Circuit Court of the 15th Judicial Circuit in and for Palm Beach County, Florida under Case No. 502017-CA-001579-XXXX-MB which conduct by Defendant Andrew Greenbaum and Defendant Steve Michael serves as a predicate act herein for mail fraud and wire fraud. In this action, Plaintiffs claim that Defendant Andrew Greenbaum's entity, Hudson Orlando Acquisition Group, LLC, inter alia, defaulted on a convertible promissory note in the amount of $500,000 for a loan from Plaintiff Terry V. Wood.

74.     According to public records, on March 2, 2017, Terry V. Woods filed a lawsuit against Defendant Steven Michael and Hudson Delray, LLC for, inter alia, fraud in the inducement, negligent misrepresentation, promissory estoppel, in the Circuit Court of the 15th Judicial Circuit in and for Palm Beach County, Florida under Case No. 502017-CA-002506-XXXX-MB which conduct by Defendant Steve Michael serves as a predicate act herein for mail fraud and wire fraud.

75.     According to public records, on December 15, 2016, Linda Levy filed a lawsuit against Defendant Andrew Greenbaum, Defendant Steve Michael, et.al. for, inter alia, breach of promissory notes, foreclosure, imposition of a construction trust in the Circuit

Court of the 15th Judicial Circuit in and for Palm Beach County, Florida under Case No. 502016-CA-013968-XXXX-MB which conduct by Defendant Andrew Greenbaum and Defendant Steve Michael serves as a predicate act herein for mail fraud and wire fraud. In this action, Linda Levy loaned money to Defendant Andrew Greenbaum, Defendant Steve Michael, et.al. and was not repaid the loaned funds.

76.     According to public records, on August 30, 2017, West Point Enterprises LLC filed a lawsuit against Hudson Holdings LLC for, inter alia, upon information and belief, fraud, in the Jackson Circuit Court in Jackson, Missouri under Case No. 1716-CV-21335 which conduct by Defendant Steve Michael serves as a predicate act herein for mail fraud and wire fraud.

77.     According to public records, on April 25, 2017, Madison Title Agency LLC filed a lawsuit against Hudson Holdings LLC for, inter alia, upon information and belief, fraud, in the Jackson Circuit Court in Jackson, Missouri under Case No. 1716-CV-09239 which conduct by Defendant Steve Michael serves as a predicate act herein for mail fraud and wire fraud.

78.     According to public records, on April 21, 2017, 1331 St. Louis LLC filed a lawsuit against Hudson Holdings LLC for, inter alia, upon information and belief, fraud, in the Jackson Circuit Court in Jackson, Missouri under Case No. 1716-CV-09093 which conduct by Defendant Steve Michael serves as a predicate act herein for mail fraud and wire fraud.

79.     According to public records, on February 13, 2018, Andre Golubovic, et.al., filed a lawsuit against Hudson Holdings LLC, et.al. for, inter alia,  declaratory relief, slander of title, breach of lease, trespass, conversion, breach of contract  in the Circuit Court

of the 15th Judicial Circuit in and for Palm Beach County, Florida under Case No. 502015-CA-001564-XXXX-MBAE which conduct by Defendant Steve Michael and Defendant Andrew Greenbaum serves as a predicate act herein for mail fraud and wire fraud.

80.     According to public records, in 2017, St. Louis LLC filed a lawsuit against Hudson Holdings LLC, managed by Defendant Andrew Greenbaum and Defendant Steve Michael in Jackson County Missouri Circuit Court under case no. 1716CV-09093, in which, upon information and belief, the Plaintiff alleges that they were defrauded by Hudson Holdings LLC, which conduct by Defendant Andrew Greenbaum and Defendant Steve Michael serves as a predicate act herein for mail fraud and wire fraud.

81.     According to public records, in 2017, Brian Verbenec filed a lawsuit against Hudson Holdings LLC, managed by Defendant Andrew Greenbaum and Defendant Steve Michael in Jackson County Missouri Circuit Court under case no. 1716CV-09239, in which, upon information and belief, the Plaintiff alleges that they were defrauded, which conduct by Defendant Andrew Greenbaum and Defendant Steve Michael serves as a predicate act herein for mail fraud and wire fraud.

82.     According to public records, in 2017, Stephen L. Price filed a lawsuit against Hudson Holdings LLC, managed by Defendant Andrew Greenbaum and Defendant Steve Michael in Jackson County Missouri Circuit Court under case no. 1716CV-21335, in which, upon information and belief, the Plaintiff alleges that they were defrauded, which conduct by Defendant Andrew Greenbaum and Defendant Steve Michael serves as a predicate act herein for mail fraud and wire fraud.

83.     According to public records, in 2018, JRA, Inc. d/b/a JRA Architects filed a lawsuit against Hudson Holdings LLC, et.al., managed by Defendant Andrew

Greenbaum and Defendant Steve Michael in Jefferson County Kentucky State Court under case no. 18-CI-000731, in which, upon information and belief, the Plaintiff alleges that they were defrauded, which conduct by Defendant Andrew Greenbaum and Defendant Steve Michael serves as a predicate act herein for mail fraud and wire fraud.

84.     According to public records, in 2016, Murphy & Associates PLC filed a lawsuit against HH Louisville Starks LP, et.al., managed by Defendant Andrew Greenbaum and Defendant Steve Michael in Jefferson County Kentucky State Court under case no. 16-CI-002787, in which, upon information and belief, the Plaintiff alleges that they were defrauded, which conduct by Defendant Andrew Greenbaum and Defendant Steve Michael serves as a predicate act herein for mail fraud and wire fraud.

85.     According to public records, on in 2010, First American Title Insurance Company filed a lawsuit against Andrew Greenbaum in the Circuit Court for the Fourth Judicial Circuit in and for Duval County, Florida under case no. 16-2010-CA-013638, in which the Plaintiff alleges that Andrew Greenbaum breached an indemnity agreement in which a judgment in the amount of $263,467.08 was obtained against Defendant Andrew Greenbaum and serves as a predicate act herein for mail fraud and wire fraud, which basis was Defendant Andrew Greenbaum and/or an entity he was affiliated with, including Hudson Capital, LLC failed to pay Powers Designs for architectual services.

86.     There are numerous lawsuits filed by numerous plaintiffs throughout the United States against Defendant Andrew Greenbaum, Defendant Steve Michael and/or their entities, including but not limited to Hudson Holdings, LLC, which show a pattern of fraudulent activity, a pattern of RICO predicates, and harm to the general public, which has been ongoing and which is still occurring.

87.     Upon information and belief, there are many individuals and entities not listed in this complaint whom and which have been defrauded by the actions of Defendant Andrew Greenbaum and Defendant Steve Michael.

88.     Among other claims against Defendants, in the instant case, it is alleged that Plaintiff has been damaged because Defendant Andrew Greenbaum caused HH Gulfstream Land Holdings LLC to have a lien filed against its real property because Defendant Andrew Greenbaum, Defendant Steve Michael and Defendant HH Gulfstream LLC failed to pay JRA Architects, Inc. for architectual services.

89.     Upon information and belief, funds belonging to Plaintiff were used by Defendant Andrew Greenbaum and Defendant Steve Michael by transferring approximately $500,000 from Plaintiff's funds in HH Gulfstream Land Holdings LLC, directly or indirectly to  11350 Manatee Terrace, LLC, a Florida limited liability company.

90.     On or about July 8, 2015, 11350 Manatee Terrace, LLC acquired a house located at 11350 Manatee Terrace, Lake Worth, Florida (the "House") for the sum of $575,000.00 pursuant to a warranty deed recorded on July 13, 2015 in the Office of the Palm Beach County Clerk in Book 27664, page 1821.

91.     After acquring the House, 11350 Manatee Terrace, LLC transferrred the House on or about April 24, 2017 to J Rose Consulting LLC, a Florida limited liability company for the sum of $475,000 pursuant to a warranty deed recorded on May 1, 2017 in the Office of the Palm Beach County Clerk in Book 29051, page 1140.

92.     On April 24, 2017, Hurricanes One LLC, a Florida limited liability company provided a mortgage loan in the amount of $500,000 to J Rose Consulting LLC for the House.

93.    The manager of J Rose Consulting LLC is Jennifer Hebrock.

94.    Jennifer Hebrock was or is Director of Special Projects for Defendant Hudson Holdings LLC.

95.    Defendant Andrew Greenbaum and Defendant Steve Michael attempted to conceal the use of Plaintiff's funds to aquire the House and transfer the House to Jennifer Hebrock.

96.    Upon information and belief, funds belonging to Plaintiff were used by Defendant Andrew Greenbaum and Defendant Steve Michael to provide the House and a loan for the House to Jennifer Hebrock through 11350 Manatee Terrace, LLC and J Rose Consulting LLC.

## COUNT I - FRAUD

97.    The allegations set forth in paragraphs "1" through "96" above are re-alleged as if fully set forth herein.

98.    Defendant Steve Michael and Defendant Andrew Greenbaum told Plaintiff, including William Milmoe as well as Carl DeSantis, that they had a deal to buy the mortgage note on the Real Property and obtain ownership of the Real Property for approximately $7,500,000, and that it was a great deal because the Real Property was purchased from the then owner, CSC Lake Worth Limited Partnership for approximately $13,000,000.00, and the mortgage on the Real Property provided by United Community Bank, Inc. to CSC Lake Worth Limited Partnership was given on or about July 14, 2005 in the amount of $16,678,635.00, as recorded in the Official Records of Palm Beach County in Book #18916, Page 380.

99.     Defendant Steve Michael and Defendant Andrew Greenbaum told Plaintiff, including William Milmoe as well as Carl DeSantis, that they only needed approximately $1,000,000 from Plaintiff and for Plaintiff to guaranty a bank loan in the amount of approximately $5,000,000.

100.    Defendant Steve Michael and Defendant Andrew Greenbaum told Plaintiff, including William Milmoe as well as Carl DeSantis, that they were getting a Real Property worth approximately $16,000,000 for only an approximate $1,000,000 investment by Plaintiff's associates and affiliates and an approximate $1,000,000 investment by Defendant Steve Michael and Defendant Andrew Greenbaum and their entity and/or entities, plus for Plaintiff and/or its associates and/or affiliates to guaranty a $5,000,000 loan.

101.    Defendant Steve Michael and Defendant Andrew Greenbaum told Plaintiff, including William Milmoe as well as Carl DeSantis, that Defendant Steve Michael and Defendant Andrew Greenbaum would renovate the Real Property and that Plaintiff would earn a great profit of over 100% on its $1,000,000 investment.

102.    Defendant Steve Michael and Defendant Andrew Greenbaum made representations to Plaintiff.

103.    Defendant Steve Michael and Defendant Andrew Greenbaum told Plaintiff, including William Milmoe as well as Carl DeSantis, that Defendant Steve Michael and Defendant Andrew Greenbaum and/or their entity would become a partner in the ownership of the Real Property and would pay 50% of the costs of operations of the ownership of the Real Property.

104.    Defendant Steve Michael and Defendant Andrew Greenbaum made numerous false statements of fact to Plaintiff.

105.    Defendant Steve Michael and Defendant Andrew Greenbaum made numerous false statements of fact to Plaintiff including, but not limited to, the fact that Plaintiff would earn a great profit of over 100% on its $1,000,000 investment.

106.    Defendant Steve Michael and Defendant Andrew Greenbaum made numerous false statements of fact to Plaintiff, including but not limited to, the fact that Defendant Steve Michael and Defendant Andrew Greenbaum and/or their entities would pay 50% of the monthly cash needs required by HH Gulfstream Land Holdings, LLC.

107.    Defendant Steve Michael and Defendant Andrew Greenbaum made numerous false statements of fact to Plaintiff including, but not limited to, the fact that Plaintiff and its affiliates would not be solely responsible for paying the bank loan which HH Gulfstream Land Holdings, LLC obtained for the Real Property.

108.    Defendant Steve Michael and Defendant Andrew Greenbaum knew that the statements that they made were false when they made the statement that Plaintiff would earn a great profit of over 100% on its $1,000,000 investment.

109.    Defendant Steve Michael and Defendant Andrew Greenbaum knew that the statements that they made were false when they made the statement that Defendant Steve Michael and Defendant Andrew Greenbaum and/or their entities would pay 50% of the monthly cash needs required by HH Gulfstream Land Holdings, LLC.

110.    Defendant Steve Michael and Defendant Andrew Greenbaum knew that the statements that they made were false when they made the statement that Plaintiff and its affiliates would not be solely responsible for paying the bank loan which HH Gulfstream Land Holdings, LLC obtained for the Real Property.

111.    Defendant Steve Michael and Defendant Andrew Greenbaum made the statements that they made including, but not limited to the statement that Plaintiff would earn a great profit of over 100% on its $1,000,000 investment for the purpose of inducing Plaintiff and its affiliates and officers to act in reliance on the statements.

112.    Defendant Steve Michael and Defendant Andrew Greenbaum made the statements that they made including, but not limited to, the statement that Defendant Steve Michael and Defendant Andrew Greenbaum and/or their entities would pay 50% of the monthly cash needs required by HH Gulfstream Land Holdings, LLC for the purpose of inducing Plaintiff and its affiliates and officers to act in reliance on the statements.

113.    Defendant Steve Michael and Defendant Andrew Greenbaum made the statements that they made including, but not limited to, the statement that Plaintiff and its affiliates would not be solely responsible for paying the bank loan which HH Gulfstream Land Holdings, LLC obtained for the Real Property for the purpose of inducing Plaintiff and its affiliates and officers to act in reliance on the statements.

114.    Plaintiff acted and made the investment in HH Gulfstream Land Holdings, LLC based on the reliance on the correctness of the statements made by Defendant Steve Michael and Defendant Andrew Greenbaum, including but not limited to, the statement that Plaintiff would earn a great profit of over 100% on its $1,000,000 investment.

115.    Plaintiff acted and made the investment in HH Gulfstream Land Holdings, LLC based on the reliance on the correctness of the statements made by Defendant Steve Michael and Defendant Andrew Greenbaum, including, but not limited to the statement that Defendant Steve Michael and Defendant Andrew Greenbaum and/or their entities would pay 50% of the monthly cash needs required by HH Gulfstream Land Holdings, LLC.

116.   Plaintiff acted and made the investment in HH Gulfstream Land Holdings, LLC based on the reliance on the correctness of the statements made by Defendant Steve Michael and Defendant Andrew Greenbaum, including, but not limited to, the statement that Plaintiff and its affiliates would not be solely responsible for paying the bank loan which HH Gulfstream Land Holdings, LLC obtained for the Real Property.

117.   Plaintiff has been damaged based on the statements made by Defendant Steve Michael and Defendant Andrew Greenbaum, including, but not limited to, the statement that Plaintiff would earn a great profit of over 100% on its $1,000,000 investment.

118.   Plaintiff has been damaged based on statements made by Defendant Steve Michael and Defendant Andrew Greenbaum, including, but not limited to, the statement that Defendant Steve Michael and Defendant Andrew Greenbaum and/or their entities would pay 50% of the monthly cash needs required by HH Gulfstream Land Holdings, LLC.

119.   Plaintiff has been damaged based on the statements made by Defendant Steve Michael and Defendant Andrew Greenbaum, including, but not limited to the statement that Plaintiff and its affiliates would not be solely responsible for paying the bank loan which HH Gulfstream Land Holdings, LLC obtained for the Real Property.

120.   Defendant Andrew Greenbaum and Defendant Steve Michael caused Plaintiff to suffer damages due to the intentional fraudulent actions by Defendant Andrew Greenbaum and Defendant Steve Michael as set forth in this Complaint.

121.    Defendant Andrew Greenbaum and Defendant Steve Michael had no intention of fulfilling the promises made to Plaintiff and to representatives of Plaintiff, including William Milmoe as well as Carl DeSantis.

122.    Between May 13, 2014 and the present date, Defendant Andrew Greenbaum and Defendant Steve Michael caused Defendant HH Gulfstream LLC to fail to fund capital calls to HHG Land Holdings LLC required for the operations of the Real Property.

123.    Between May 13, 2014 and the present date, Defendant Andrew Greenbaum and Defendant Steve Michael caused Defendant HH Gulfstream LLC to fail to fund capital calls to HHG Land Holdings LLC required for the operations of the Real Property requiring Plaintiff and/or its affiliates to expend monies for the operation of the Real Property as a result of Defendant Andrew Greenbaum and Defendant Steve Michael's actions.

124.    Between May 13, 2014 and the present date, Defendant Andrew Greenbaum and Defendant Steve Michael never intended to personally pay, or have Defendant HH Gulfstream LLC pay capital calls and/or pay monies to HHG Land Holdings LLC required for the operations of the Real Property.

125.    When Defendant Andrew Greenbaum and Defendant Steve Michael induced Plaintiff through its representatives to acquire an interest in the Real Property, Defendant Andrew Greenbaum and Defendant Steve Michael never intended to personally, or have Defendant HH Gulfstream LLC pay monies to HHG Land Holdings LLC or to HH Gulfstream Land Holdings, LLC required for the operations of the Real Property.

126.     When Defendant Andrew Greenbaum and Defendant Steve Michael induced Plaintiff through its representatives to acquire an interest in the Real Property, Defendant Andrew Greenbaum and Defendant Steve Michael never intended to use their own monies or the monies of Defendant HH Gulfstream LLC to operate the Real Property and instead relied upon Plaintiff and its agents, agents and prinicipals to pay all of the monies to operate the Real Property.

127.     When Defendant Andrew Greenbaum and Defendant Steve Michael induced Plaintiff through its representatives to acquire an interest in the Real Property, Defendant Andrew Greenbaum and Defendant Steve Michael demanded that their entity, Defendant HH Gulfstream LLC obtain 100% of all of the depreciation expenses available by ownership of HH Gulfstream Land Holdings, LLC and the Real Property.

128.     When Defendant Andrew Greenbaum and Defendant Steve Michael induced Plaintiff through its representatives to acquire an interest in the Real Property, Defendant Andrew Greenbaum and Defendant Steve Michael demanded that their entity, Defendant HH Gulfstream LLC obtain 100% of all of the depreciation expenses available by ownership of HH Gulfstream Land Holdings, LLC and the Real Property, because Defendant Andrew Greenbaum and Defendant Steve Michael had no intention of renovating the Real Property to achieve the ability to derive rental income, other income or to sell the Real Property and by obtaining 100% of the depreciation expenses, Defendants would benefit at the expense of Plaintiff.

129.     Defendant Andrew Greenbaum and Defendant Steve Michael demanded that Defendant HH Gulfstream LLC become the manager of HHG Land Holdings LLC in order so that Defendant Andrew Greenbaum and Defendant Steve Michael could

perpetrate the frauds and schemes upon Plaintiff and its members, agents, and representatives.

130.    Defendant HH Gulfstream LLC became the manager of HHG Land Holdings LLC, which allowed Defendant Andrew Greenbaum and Defendant Steve Michael to personally benefit from the Real Property, and allowed Defendant Andrew Greenbaum and Defendant Steve Michael to abuse and misuse their powers as direct and/or indirect officers of Defendant HH Gulfstream LLC to the detriment of Plaintiff.

131.    Defendant Andrew Greenbaum and Defendant Steve Michael permitted and caused Defendant HH Gulfstream LLC to breach its obligations as manager of HHG Land Holdings, LLC to Plaintiff.

132.    Between May 13, 2014 and the present date, Defendant Andrew Greenbaum and Defendant Steve Michael permitted and caused Defendant HH Gulfstream LLC to breach its obligations as manager of HHG Land Holdings, LLC to Plaintiff by the failure of Defendant HH Gulfstream LLC to deposit all funds of HHG Land Holdings, LLC in a bank account of HHG Land Holdings, LLC.

133.    Between May 13, 2014 and the present date, Defendant Andrew Greenbaum and Defendant Steve Michael permitted and caused Defendant HH Gulfstream LLC to breach its obligations as manager of HHG Land Holdings, LLC to Plaintiff by the failure of Defendant HH Gulfstream LLC to maintain complete and accurate records of all assets owned by HHG Land Holdings, LLC and maintain complete and accurate books of account of HHG Land Holdings, LLC.

134.    Between May 13, 2014 and the present date, Defendant Andrew Greenbaum and Defendant Steve Michael permitted and caused Defendant HH Gulfstream

LLC to breach its obligations as manager of HHG Land Holdings, LLC to Plaintiff by the failure of Defendant HH Gulfstream LLC to prepare an annual operating plan and budget for each calendar year from 2015 to date.

135.    Between May 13, 2014 and the present date, Defendant Andrew Greenbaum and Defendant Steve Michael permitted and caused Defendant HH Gulfstream LLC to breach its obligations as manager of HHG Land Holdings, LLC to Plaintiff by the failure of Defendant HH Gulfstream LLC to obtain funds to satisfy loans which HHG Land Holdings, LLC  owed to Florida Community Bank, N.A. pursuant to the mortgage recorded in the Official Records of Palm Beach County in Book #26793, Page 1346 on May 15, 2014

136.    Between May 13, 2014 and the present date, Defendant Andrew Greenbaum and Defendant Steve Michael permitted and caused Defendant HH Gulfstream LLC to breach its obligations as manager of HHG Land Holdings, LLC to Plaintiff by the failure of Defendant HH Gulfstream LLC to extend the mortgage loan that HHG Land Holdings, LLC owed to Florida Community Bank, N.A. pursuant to the mortgage recorded in the Official Records of Palm Beach County in Book #26793, Page 1346 on May 15, 2014.

137.    Between May 13, 2014 and the present date, Defendant Andrew Greenbaum and Defendant Steve Michael took personal property that was owned by HHG Land Holdings, LLC for their own personal use without authority and without the consent of Plaintiff or Florida Community Bank, N.A.

138.    Between May 13, 2014 and the present date, Defendant Andrew Greenbaum and Defendant Steve Michael permitted and caused Defendant HH Gulfstream LLC to breach the terms of the operating agreement of HHG Land Holdings, LLC signed by Plaintiff and by Defendant HH Gulfstream LLC.

139.    Between May 13, 2014 and the present date, Defendant Andrew Greenbaum and Defendant Steve Michael permitted and caused Defendant HH Gulfstream LLC to breach the terms of the operating agreement of HHG Land Holdings, LLC signed by Plaintiff and by Defendant HH Gulfstream LLC by allowing affiliates of Defendant HH Gulfstream LLC to engage in a business activity competing with HH Gulfstream Land Holdings LLC within a ten mile radius from the Real Property.

140.    Between May 13, 2014 and the present date, Defendant Andrew Greenbaum and Defendant Steve Michael permitted and caused Defendant HH Gulfstream LLC to breach the terms of the operating agreement of HHG Land Holdings, LLC signed by Plaintiff and by Defendant HH Gulfstream LLC by allowing Defendant HH Gulfstream LLC to fail to devote the time, effort, and skill necessary for the proper management of the business affairs of HHG Land Holdings, LLC, to the detriment of Plaintiff.

141.    Between May 13, 2014 and the present date, Defendant Andrew Greenbaum and Defendant Steve Michael permitted and caused Defendant HH Gulfstream LLC to fail to pay its obligations to pay monies for "carrying costs" for the operation of the Real Property, to the detriment of Plaintiff, who was required to pay the "carrying costs" for the operation of the Real Property in order to avoid defaulting in the mortgage obligations of HH Gulfstream Land Holdings LLC to Florida Community Bank, N.A. and others.

142.    JRA Architects, Inc. filed a Notice of Lis Pendens against HH Gulfstream Land Holdings, LLC recorded on July 28, 2017 in Official Records of Palm Beach County in Book #29246, Page 1567 due to alleged breaches by HH Gulfstream Land Holdings, LLC caused solely by Defendant Andrew Greenbaum and Defendant Steve Michael.

27

143.     Plaintiff has been defrauded by Defendants as a result of use of wires, by communications via email and telephone.

144.     Plaintiff has been defrauded by Defendants as a result of use of the United States Postal Service, by communications with Plaintiff and its representative via United States Mail.

145.     There is a pattern of Defendants having engaged in a scheme to defraud real estate investors, in order to enrich themselves.

146.     There is a pattern of Defendant Andrew Greenbaum having engaged in a scheme to defraud real estate investors, in order to enrich himself.

147.     There is a pattern of Defendant Steve Michael having engaged in a scheme to defraud real estate investors, in order to enrich himself.

148.     Prior to Plaintiff investing in the Real Property, unknown to Plaintiff, Defendant Andrew Greenbaum had engaged in a scheme to defraud real estate investors, in order to enrich himself.

149.     Prior to Plaintiff investing in the Real Property, unknown to Plaintiff, Defendant Steve Michael had engaged in a scheme to defraud real estate investors, in order to enrich himself.

150.     This complaint details ongoing criminal activity by Defendants.

151.     The criminal activity are not isolated criminal acts, but are specific, ongoing and long term criminal activity by Defendants.

152.     Plaintiff's business has been injured by the criminal activity of Defendants.

153.    Plaintiff's business has been injured by Plaintiff's investment in HH Gulfstream Land Holdings, LLC, which has decreased in value, as the Real Property is in disrepair and Defendants have abandoned their responsibilites due to their fraudulent and criminal activity by taking Plaintiff's monies under, inter alia, false pretenses.

154.    Plaintiff's property, specifically, their interests in HH Gulfstream Land Holdings, LLC have been injured by the criminal activity of Defendants.

155.    Plaintiff's investment in HH Gulfstream Land Holdings, LLC have been injured due to the decreased value of Plaintiff's investment in HH Gulfstream Land Holdings, LLC, as the Real Property is in disrepair and Defendants have abandoned their responsibilites due to their fraudulent and criminal activity by taking Plaintiff's monies under, inter alia, false pretenses.

156.    Plaintiff demonstrates in this complaint that the injuries sustained by Plaintiff and to Plaintiff's business and property was by reason of the substantive violations by Defendants under Title 18 of the United States Code §1961, et.seq. – Racketeering Influenced Corrupt Organizations Act ("RICO").

157.    Predicate acts under Title 18 of the United States Code §1961, et.seq. occurred within the jurisdiction of the United States District Court for the Southern District of Florida and in other areas of the United States of America as fully detailed in this complaint.

158.    A pattern of racketeering activity and indictable conduct as alleged in this complaint occurred within the jurisdiction of the United States District Court for the Southern District of Florida.

159.     Plaintiff's injuries under Title 18 of the United States Code §1961, et.seq. occurred in Palm Beach County, Florida within the United States by the actions of Defendants in making materially false statements and representations to Plaintiff and Plaintiff's agents in order to induce and convince Plaintiff and Plaintiff's agents to invest in HH Gulfstream Land Holdings, LLC.

160.     The connection between the RICO activity and the injuries sustained by Plaintiff are direct.

161.     The RICO activity engaged in by Defendants, as fully set forth in this complaint, include mail fraud and wire fraud in violation of the United States Code.

162.     Plaintiff sustained injuries solely as a result of the RICO activity perpetuated upon them by Defendants.

163.     Defendants injurious conduct by violating RICO and willfully and with actual knowledge of predicate acts under RICO, as fully detailed in this complaint, upon Plaintiff, are directly related to the injuries sustained by Plaintiff.

164.     The evidence of Defendants, individually, collectively, and through business entities, shows a continuity of the RICO activity of the Defendants, individually, collectively, and through business entities established by Defendant Andrew Greenbaum and Defendant Steve Michael.

165.     There is a continued threat of a continuity of the RICO activity of the Defendants, individually, collectively, and through business entities established by Defendant Andrew Greenbaum and Defendant Steve Michael, as fully set forth in this complaint.

166.     The evidence of Defendant Andrew Greenbaum and Defendant Steve Michael persuading investors to invest in real estate schemes from approximately 2011 to

date, evidence continuity of repeated conduct during a closed period of repeated conduct by Defendant Andrew Greenbaum and Defendant Steve Michael.

167.    The evidence of Defendant Andrew Greenbaum and Defendant Steve Michael continuing to persuade investors to invest in real estate schemes from approximately 2011 to date, evidences a threat of repeated conduct into the future by Defendant Andrew Greenbaum and Defendant Steve Michael.

168.    RICO acts, including mail fraud and wire fraud in violation of the United States Code, are continuous and have been continuously engaged in by Defendant Andrew Greenbaum and Defendant Steve Michael from at least approximately 2011 to date.

169.    RICO acts, including mail fraud and wire fraud in violation of the United States Code are continuous and have been continuously engaged in by Defendant Andrew Greenbaum and Defendant Steve Michael from at least approximately 2011 and to continue into the future in order for Defendant Andrew Greenbaum and Defendant Steve Michael to continue to obtain funds for their ponzi scheme of taking monies from investors of real estate and not delivering what was promised, including but limited to money making projects and completed projects, capable of generating revenue through rentals and/or sales.

170.    The relationship between the action of Defendant Andrew Greenbaum and Defendant Steve Michael are directly related to predicate acts under RICO.

171.    The relationship between the action of Defendant Andrew Greenbaum is directly related to predicate acts under RICO including mail fraud and wire fraud in violation of the United States Code.

172.   The relationship between the action of Defendant Steve Michael is directly related to predicate acts under RICO including mail fraud and wire fraud in violation of the United States Code.

173.   As set forth in this complaint, Plaintiff demonstrates continuity of RICO conduct by Defendants by proving a series of related predicates extending over a substantial period of time, which is evidenced by lawsuits filed against Defendant Andrew Greenbaum and Defendant Steve Michael throughout the United States of America for similar conduct, all of which are predicate acts under RICO and which violate specific federal laws, which are considered as predicate acts under RICO as fully set forth in this complaint.

174.   The predicate acts as set forth in this complaint are related by having the same or similar purposes to defraud investors of invested monies.

175.   The predicate acts as set forth in this complaint are related by having the same or similar purposes to defraud investors of invested monies with results of individuals and/or business entities losing monies which were invested with, directly and indirectly, Defendant Andrew Greenbaum and Defendant Steve Michael.

176.   Defendant Andrew Greenbaum and Defendant Steve Michael used the same methods that they used with Plaintiff and Plaintiff's representatives in order to commit crimes of wire fraud and mail fraud with other individuals and business entities whom Defendant Andrew Greenbaum and Defendant Steve Michael solicited for investments.

177.   The predicate acts, as set forth in this complaint, extend over a period of years and there is valid reason to believe that based on Defendant Andrew Greenbaum and Defendant Steve Michael's past conduct, there is a genuine threat for the continuation of future criminal conduct by Defendant Andrew Greenbaum and Defendant Steve Michael.

178.    Defendant Andrew Greenbaum and Defendant Steve Michael's past conduct and present conduct evidence long term criminal conduct by Defendant Andrew Greenbaum and Defendant Steve Michael.

179.    The United States Congress passed the RICO laws to protect Plaintiff and other similarly situated individuals and entities from long term criminal conduct of the nature alleged herein against Defendant Andrew Greenbaum and Defendant Steve Michael.

180.    This action is commenced after years of criminal conduct by Defendant Andrew Greenbaum and Defendant Steve Michael, damaging innocent victims, including but not limited to Plaintiff and the Plaintiffs in other actions referred to at length in this action.

181.    Plaintiff herein demonstrates a series of related predicate acts under RICO which Defendants engaged in over a substantial period of time, to wit: numerous years including but not limited to approximately 2011 through the present date.

182.    The closed ended continuity under RICO that Defendant Andrew Greenbaum and Defendant Steve Michael existed for over one year of time.

183.    The schemes used by Defendant Andrew Greenbaum and Defendant Steve Michael to violate RICO and to engage in the predicate acts under RICO were multiple schemes, effecting multiple individuals and entities in multiple business transactions and real estate transactions throughout the United States of America.

184.    The schemes used by Defendant Andrew Greenbaum and Defendant Steve Michael to violate RICO and to engage in the predicate acts under RICO were multiple schemes for many different real estate projects with various individuals and entities unrelated to each other.

185.    There is evidence that Defendant Andrew Greenbaum and Defendant Steve Michael used a similar pre-organized and well established pattern of many schemes against various individuals and entities unrelated to each other, for business transactions and real estate transactions throughout the United States of America, which resulted in Defendant Andrew Greenbaum and Defendant Steve Michael violating federal laws which are, as precisely set forth, predicate acts under RICO, as fully detailed in this complaint.

186.    There was not one scheme used by Defendant Andrew Greenbaum and Defendant Steve Michael to injure victims of Defendant Andrew Greenbaum and Defendant Steve Michael under RICO, but rather many different schemes, against many individuals and entities causing similar harm to the victims, which common injury was the loss of money by the victims and the personal enrichment by Defendant Andrew Greenbaum and Defendant Steve Michael by taking monies from individual victims and/or entity victims, however, all resulting in money being given and taken by Defendant Andrew Greenbaum and Defendant Steve Michael from the victims under violations of RICO.

187.    There is evidence that the injuries to victims are continuing and that Defendant Andrew Greenbaum and Defendant Steve Michael are continuing to engage in the same pre-organized and well established pattern of many different schemes against newly sought individuals and entities to act as investors for proposed business transactions and real estate transactions which will harm future investors in the same manner as Plaintiff has been harmed and other similarly situated investors who invested money with Defendants based on the repeated pattern of actions by Defendant Andrew Greenbaum and Defendant Steve Michael to induce individuals and entities to invest money with Defendant Andrew Greenbaum and Defendant Steve Michael.

188.    The actions of Defendant Andrew Greenbaum and Defendant Steve Michael in conducting business as was done with Plaintiff and inducing individuals and entities to invest in real properties and/or business entities with Defendant Andrew Greenbaum and Defendant Steve Michael is part of Defendant Andrew Greenbaum and Defendant Steve Michael's the regular and ordinary way of doing business.

189.    Defendant Andrew Greenbaum and Defendant Steve Michael's regular and ordinary way of doing business is to induce investors to invest money with Defendant Andrew Greenbaum and Defendant Steve Michael in business entities or real properties, and for Defendant Andrew Greenbaum and Defendant Steve Michael to directly and through their business entities, take money from investors and then not complete real estate projects and/or not complete the projects that Defendant Andrew Greenbaum and Defendant Steve Michael promised to complete, leaving investors, which in this case, throughout the United States, left with losses of money amounting to many millions of dollars of losses.

190.    While investors who have invested with Defendant Andrew Greenbaum and Defendant Steve Michael have lost at a minimum, tens of millions of dollars, Defendant Andrew Greenbaum and Defendant Steve Michael have enriched themselves and used monies paid by investors to live a lifestyle of spending monies on personal items only available with the monies that Defendant Andrew Greenbaum and Defendant Steve Michael obtained through their criminal conduct.

191.    There is sufficient reason to believe that the past criminal conduct of Defendant Andrew Greenbaum and Defendant Steve Michael will continue into the future and be repeated into the future by Defendant Andrew Greenbaum and Defendant Steve Michael, causing harm to other unsuspecting individuals and entities, who will suffer

monetary losses at the hands of Defendant Andrew Greenbaum and Defendant Steve Michael.

192.    The regular way that Defendant Andrew Greenbaum and Defendant Steve Michael conduct their business is to solicit money from investors and then take that money for their personal use and not delivering the real property, business property and investment returns and return of investment, as Defendant Andrew Greenbaum and Defendant Steve Michael had promised the investors.

193.    It is evident that if the pattern of business that Defendant Andrew Greenbaum and Defendant Steve Michael conduct is not stopped, then the regular way that Defendant Andrew Greenbaum and Defendant Steve Michael conduct their business will continue into the future and they will continue to solicit money from investors and then take that money for their personal use and not deliver the real property, business property and investment returns and return of investment as Defendant Andrew Greenbaum and Defendant Steve Michael promise investors.

194.    Plaintiff was injured by the investment of racketeering income by Defendant Andrew Greenbaum and Defendant Steve Michael.

195.    Plaintiff was injured by the interest in and control over a racketeering enterprise by Defendant Andrew Greenbaum and Defendant Steve Michael.

196.    Defendant Andrew Greenbaum and Defendant Steve Michael committed mail fraud, an act which is indictable under 18 U.S.C. §1341 by sending documents and causing to be sent documents through the U.S. mail in furtherance of the fraudulent schemes.

197.    Defendant Andrew Greenbaum and Defendant Steve Michael committed wire fraud, an act which is indictable under 18 U.S.C. §1343, relating to wire fraud, by causing Plaintiff to wire transfer funds in interstate commerce that were, directly and/or indirectly, diverted and converted by defendants. Moreover, information concerning these fraudulent transactions was sent by electronic transmission through interstate commerce via emails and through telephonic communications.

198.    But for the mail fraud and wire fraud committed by Defendants, Plaintiff would not have been injured.

199.    Defendant Andrew Greenbaum and Defendant Steve Michael have violated 18 U.S.C. §1962(c) because they have caused Defendant HH Gulfstream LLC to be engaged in the conduct of an enterprise through a pattern of racketeering activity.

200.    Defendant Andrew Greenbaum and Defendant Steve Michael are persons within the meaning of 18 U.S.C. §1961(3).

201.    Defendant HH Gulfstream LLC is a person within the meaning of 18 U.S.C. §1961(3).

202.    Defendant HH Gulfstream LLC is and was an enterprise consisting of Defendant Andrew Greenbaum and Defendant Steve Michael.

203.    Defendant Andrew Greenbaum and Defendant Steve Michael are culpable individuals, responsible for the actions of Defendant HH Gulfstream LLC operating as a racketeering enterprise along with an unincorporated association in fact.

204.    Defendant Andrew Greenbaum, Defendant Steve Michael and Defendant HH Gulfstream LLC were part of an association-in-fact that engaged in the

business of soliciting investors to invest in real estate and/or business entities affecting interstate commerce.

205.     Defendant Andrew Greenbaum and Defendant Steve Michael were part of an association-in-fact that engaged in the business of soliciting investors to invest in real estate and/or business entities affecting interstate commerce.

206.     The association-in-fact by Defendant Andrew Greenbaum and Defendant Steve Michael was for the primary purpose of defrauding Plaintiff and others including other investors and federal and state financial institutions through a series of real estate transactions and business transactions.

207.     Defendant Andrew Greenbaum and Defendant Steve Michael worked together as members of the association-in-fact to achieve the association's purpose of defrauding Plaintiff and others including other investors and federal and state financial institutions through a series of real estate transactions and business transactions.

208.     Defendant Andrew Greenbaum and Defendant Steve Michael received monetary benefits through the work of the Enterprise and association-in-fact.

209.     Defendant Andrew Greenbaum and Defendant Steve Michael each managed or participated in the conduct of the enterprise.

210.     The association-in-fact of Defendant Andrew Greenbaum and Defendant Steve Michael has been operating for numerous years to allow Defendant Andrew Greenbaum and Defendant Steve Michael to pursue their fraudulent schemes and Defendant Andrew Greenbaum and Defendant Steve Michael are continuing to operate the association and enterprise to cause harm to others while enriching themselves. The association-in-fact constitutes an enterprise under 18 U.S.C. §1961.

211.    Defendant Andrew Greenbaum and Defendant Steve Michael are each a culpable person who conducted an enterprise affecting interstate commerce through a pattern of racketeering activity.

212.    Defendant Andrew Greenbaum and Defendant Steve Michael are each a person capable of holding a legal or beneficial interest in property.

213.    Plaintiff was injured by Defendant Andrew Greenbaum and Defendant Steve Michael by Defendant Andrew Greenbaum and Defendant Steve Michael's violation of 18 USC §1961 et.seq.

214.    Defendant Andrew Greenbaum and Defendant Steve Michael participated with each other and others associated in fact although not a legal entity (the "Enterprise").

215.    The activity of the Enterprise affected interstate commerce because it involved the electronic transmission of funds in interstate commerce.

216.    The predicate acts alleged in this complaint of the Enterprise affected interstate commerce because of the acts of Defendant Andrew Greenbaum and Defendant Steve Michael.

217.    The enterprise's activities constitute a pattern because Defendant Andrew Greenbaum and Defendant Steve Michael's actions had the same purpose, types of victims and methods of commission, which was to defraud Plaintiff and others including other investors and financial institutions through fraudulent acts in obtaining ownership in real properties and/or entities owning real properties. Further, the Enterprise's pattern of fraudulent activity has continued for a period of more than two years and is ongoing.

218.     Defendant Andrew Greenbaum and Defendant Steve Michael's acts constitute racketeering within the meaning of 18 U.S.C. § 1961(1)(B) because they include bank fraud, wire fraud and mail fraud.

219.     Defendants have violated 18 U.S.C. § 1341 by using the United States mails to cause injury to Plaintiff.

220.     Defendants willfully violated 18 U.S.C. § 1341 by using the United States mails to cause injury to Plaintiff.

221.     Defendants with actual knowledge violated 18 U.S.C. § 1341 by using the United States mails to cause injury to Plaintiff.

222.     Defendants have violated 18 U.S.C. § 1343 by using wire communications to cause injury to Plaintiff.

223.     Defendants willfully violated 18 U.S.C. § 1343 by using wire communications to cause injury to Plaintiff.

224.     Defendants with actual knowledge violated 18 U.S.C. § 1343 by using wire communications to cause injury to Plaintiff.

225.     Defendant Andrew Greenbaum and Defendant Steve Michael's conduct has injured and damaged Plaintiff in numerous ways, including that Plaintiff's funds and real properties and membership interests in limited liability companies have been unlawfully taken from Plaintiff by Defendant Andrew Greenbaum and Defendant Steve Michael. Plaintiff also has incurred attorneys' fees to seek relief from these injuries. Finally, defendants' conduct has harmed the general public and threatens continued harm.

226.     Plaintiff is a "person" as defined in 18 U.S.C. §1961(3) and 1962(c).

227.    Defendant Andrew Greenbaum and Defendant Steve Michael are each a "person" as defined in 18 U.S.C. §1961(3) and 1962(c).

228.    Defendant Andrew Greenbaum and Defendant Steve Michael used income derived from a pattern of racketeering activity within the United States to further the Enterprise.

229.    Defendant Andrew Greenbaum and Defendant Steve Michael were employed by and/or associated with an enterprise to conduct or participate, directly or indirectly, in the conduct of the enterprise's affairs through a pattern of racketeering activity.

230.    Defendant Andrew Greenbaum was and is a member of the Enterprise.

231.    Defendant Steve Michael was and is a member of the Enterprise.

232.    Defendant Andrew Greenbaum participated in the operation of the Enterprise.

233.    Defendant Steve Michael participated in the operation of the Enterprise.

234.    Defendant Andrew Greenbaum participated in the management of the Enterprise.

235.    Defendant Steve Michael participated in the management of the Enterprise.

236.    At all times relevant to this complaint, Defendant Andrew Greenbaum and Defendant Steve Michael constituted an enterprise within the meaning of 18 U.S.C. §1961(4) in he was and is an individual.

237.    At all times relevant to this complaint, Defendant Andrew Greenbaum and Defendant Steve Michael and engaged in a pattern of racketeering.

238.    The purpose of the Enterprise was to generate money for Defendant Andrew Greenbaum and Defendant Steve Michael through the solicitation of individuals and business entities to invest in real estate and/or in business entities and to guaranty bank loans.

239.    Defendant Andrew Greenbaum and Defendant Steve Michael were and are associates in the racketeering enterprise.

240.    The purpose of the racketeering enterprise was implemented by the Enterprise's associates through various legal activities.

241.    Each of the associates of the Enterprise had relationships with the other associates of the Enterprise.

242.    The Enterprise and its activities continued from at least 2013 to the present date.

243.    At all times relevant to this complaint, Defendant Andrew Greenbaum and Defendant Steve Michael have been "enterprises" within the meaning of 18 U.S.C. §1961(4).

244.    The enterprise operated in the Southern District of Florida.

245.    Defendant Andrew Greenbaum and Defendant Steve Michael used telephone communications between the State of Florida and other states in the United States to further their criminal activity and the Enterprise.

246.    Plaintiff transmitted federal funds, wired from the State of Florida to other states within the United States.

247.    Defendant Andrew Greenbaum and Defendant Steve Michael transmitted United States Currency from Florida to other states within the United States via wire or via United States Mails.

248.    Defendant   Andrew   Greenbaum   and   Defendant   Steve   Michael communicated with one or more of each other and with Plaintiff's agents and representatives via cellular communications in interstate commerce.

249.    Defendant Andrew Greenbaum and Defendant Steve Michael used the United States Mails to communicate with each other and with Plaintiff's agents and representatives to further the Enterprise.

250.    Defendant Andrew Greenbaum and Defendant Steve Michael used the internet to communicate with each other and with Plaintiff's agents and representatives to further the Enterprise.

251.    Defendant   Andrew   Greenbaum   and   Defendant   Steve   Michael constituted   an   ongoing   organization   whose   members   and   associates   functioned   as   a continuing unit for many years, with the common purpose of receiving income from Plaintiff and other investors for the promises to Plaintiff and investors to make money by investing with Defendant Andrew Greenbaum and Defendant Steve Michael.

252.    The principal purpose of the Enterprise was for Defendant Andrew Greenbaum and Defendant Steve Michael to profit from the invested funds made by Plaintiff and other investors into entities established by or at the direction of Defendant Andrew Greenbaum and Defendant Steve Michael.

253.    Defendant   Andrew   Greenbaum,   as   an   Enterprise   associate implemented this purpose through various legal activities, but principally through the purchase, sale of and/or mortgaging of real property in the State of Florida through business entities.

254.     Defendant Steve Michael, as an Enterprise associate implemented this purpose through various legal activities, but principally through the purchase, sale of and/or mortgaging of real property in the State of Florida through business entities.

255.     Defendant HH Gulfstream LLC, as an Enterprise associate implemented this purpose through various legal activities, but principally through the purchase, sale of and/or mortgaging of real property in the State of Florida through business entities.

256.     The Enterprise Associates implemented this purpose through various illegal activities, but principally through the purchase, sale of and/or mortgaging of real property in the State of Florida.

257.     At all times relevant to this complaint, the affairs of the Enterprise have been conducted through a pattern of racketeering activity within the meaning of 18 U.S.C. §1961(B).

258.     Defendants conspired to commit acts, to wit: purchase, sell and/or mortgaging of real property in the State of Florida and in other states of the United States to deprive Plaintiff from the profits from such activities.

259.     Defendants all agreed to join in, and knowingly participated in, a conspiracy to purchase, sell and/or mortgaging of real property in the State of Florida and in other states of the United States and to deprive Plaintiff and other investors from the profits from such activities.

260.     Defendant Andrew Greenbaum and Defendant Steve Michael purchased real properties through legal entities in the State of Florida.

261.    Defendant Andrew Greenbaum acted in furtherance of the conspiracy by acting as a member and/or as a manager of various limited liability companies and by managing the day to day affairs of the Enterprise.

262.    Defendant Steve Michael acted in furtherance of the conspiracy by acting as a member and/or as a manager of various limited liability companies and by managing the day to day affairs of the Enterprise.

263.    Plaintiff has suffered injury to its business and property within the meaning of 18 U.S.C. §1964(c) by reason of Defendants' violation of 18 U.S.C. §1962(c), in an amount to be determined at trial, but anticipated to be no less than $6,000,000.

264.    Plaintiff has suffered injury to its business which resulted from the conduct complained of herein by Defendants.

265.    Plaintiff has suffered injury to its property which resulted from the conduct complained of herein by Defendants.

266.    Plaintiff is entitled to treble damages, costs and attorney's fees pursuant to 18 USC 1964(c) as a result of Defendants' violation of 18 USC 1962.

267.    By reason of the foregoing, Plaintiff has been damaged and demands judgment against Defendant Andrew Greenbaum who acted in furtherance of the conspiracy by acting as a member and/or as a manager of various limited liability companies and by managing the day to day affairs of the Enterprise.

268.    By reason of the foregoing, Plaintiff has been damaged and demands judgment against Defendant Steve Michael who acted in furtherance of the conspiracy by acting as a member and/or as a manager of various limited liability companies and by managing the day to day affairs of the Enterprise.

269.     Defendant Andrew Greenbaum and Defendant Steve Michael made statements to Plaintiff and to Plaintiff's representatives regarding investing in entities to acquire ownership of the Gulfstream Hotel.

270.     Defendant Andrew Greenbaum and Defendant Steve Michael knew at the time that they made statements to Plaintiff and to Plaintiff's representatives regarding investing in entities to acquire ownership of the Gulfstream Hotel that the statements that Plaintiff and/or its affilates would receive a return on its investment was false.

271.     Defendant Andrew Greenbaum and Defendant Steve Michael knew at the time that they made statements to Plaintiff and to Plaintiff's representatives regarding investing in entities to acquire ownership of the Gulfstream Hotel that the statements that Plaintiff and/or its affilates would not have to pay Florida Community Bank, N.A. on the guaranty provided by Plaintiff and/or its affilates was false.

272.     Defendant Andrew Greenbaum and Defendant Steve Michael knew at the time that they made statements to Plaintiff and to Plaintiff's representatives regarding investing in entities to acquire ownership of the Gulfstream Hotel that the statements that Defendant Andrew Greenbaum and Defendant Steve Michael would manage the renovation of the Gulfstream Hotel was false.

273.     Plaintiff was injured due to the false material statements that were made by Defendant Andrew Greenbaum and Defendant Steve Michael, which induced Plaintiff and/or its affiliates to invest in the purchase of the Gulfstream Hotel.

274.     Plaintiff and Plaintiff's representatives believed and had justifiable confidence in the false material statements that were made by Defendant Andrew Greenbaum

and Defendant Steve Michael, which induced Plaintiff and/or its affiliates to invest in the purchase of the Gulfstream Hotel.

275.    Defendant Andrew Greenbaum and Defendant Steve Michael never intended to make required capital contributions for the investment in the Gulfstream Hotel and never intended to contribute anything of value to Plaintiff, to HH Gulfstream Land Holdings, LLC and intended to defraud Plaintiff and its affiliates.

**WHEREFORE,** Plaintiff requests that this Court enter judgment against Defendant Andrew Greenbaum and Defendant Steve Michael for fraud in an amount to be determined at trial, but anticipated to be no less than $6,000,000, plus treble damages, plus interest, costs, disbursements and attorney's fees.

## COUNT II – VIOLATIONS OF RACKETEERING INFLUENCED CORRUPT ORGANIZATIONS ACT - TITLE 18 OF THE UNITED STATES CODE §1961(c), ET.SEQ.

276.    The allegations set forth in paragraphs "1" through "96" and paragraph "98 through "275" above are re-alleged as if fully set forth herein.

277.    This Count is against Defendant Andrew Greenbaum and Defendant Steve Michael.

278.    Defendant HH Gulfstream LLC is an enterprise engaged in and whose activities affect interstate commerce.

279.    Defendant Hudson Holdings LLC is an enterprise engaged in and whose activities affect interstate commerce.

280.    Defendant Andrew Greenbaum is employed by or associated with the enterprise.

281.    Defendant Steve Michael is employed by or associated with the enterprise.

282.    Defendant Andrew Greenbaum agreed to and did conduct and participate in conduct of the enterprises's affairs through a pattern of racketeering activity and for the unlawful purpose of intentionally defrauding Plaintiff.

283.    Defendant Steve Michael agreed to and did conduct and participate in conduct of the enterprises's affairs through a pattern of racketeering activity and for the unlawful purpose of intentionally defrauding Plaintiff.

284.    Pursaunt to and in furtherance of their fraudulent scheme, Defendants committed multiple related acts of mail fraud and wire fraud.

285.    The acts of mail fraud and wire fraud set forth above constitute a pattern of racketeering activity pursuant to 18 U.S.C. § 1961(5).

286.    Defendant Andrew Greenbaum has directly and indirectly conducted and participated in the conduct of the enterprise's affairs through the pattern of racketeering and activity described above, in violation of  18 U.S.C. § 1962(c).

287.    Defendant Steve Michael has directly and indirectly conducted and participated in the conduct of the enterprise's affairs through the pattern of racketeering and activity described above, in violation of  18 U.S.C. § 1962(c).

288.    As a direct and proximate result of Defendant Andrew Greenbaum's racketeering activities and violations of 18 U.S.C. § 1962(c), Plaintiff has been injured in their business and property in that Plaintiff has lost monies that it invested in HHG Land Holdings LLC.

**WHEREFORE,** Plaintiff requests that this Court enter judgment against Defendant Andrew Greenbaum and Defendant Steve Michael for violations of 18 USC 1961, et.seq. – the Civil Racketeering Influenced Corrupt Organizations Act in an amount to be determined at trial, but anticipated to be no less than $6,000,000, plus treble damages, plus interest, costs, disbursements and attorney's fees plus all available remedies under 18 USC 1961, et.seq.

**COUNT III**
**PURSUANT TO RELIEF UNDER**
**CIVIL RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT,**
**18 U.S.C. §1961(a), ET. SEQ. ("RICO")**
**AGAINST DEFENDANT HH GULFSTREAM LLC**

289.    The allegations set forth in paragraphs "1" through "96" and paragraph "98 through "275" above are re-alleged as if fully set forth herein.

290.    This Count is against Defendant HH Gulfstream LLC for violations of 18 U.S.C. § 1962(a).

291.    Defendant HH Gulfstream LLC is an enterprise engaged in and whose activities affect interstate commerce.

292.    Defendant HH Gulfstream LLC used and invested income that was derived from a pattern of racketeering activity in an interstate enterprise.

293.    Defendant HH Gulfstream LLC used and invested income that was derived from a pattern of racketeering activity by Defendant Andrew Greenbaum and Defendant Steve Michael in an interstate enterprise.

294.    The acts of mail fraud and wire fraud set forth above constitute a pattern of racketeering activity pursuant to 18 U.S.C. § 1961(5).

295.    As a direct and proximate result of Defendant HH Gulfstream LLC's racketeering activities and violations of 18 U.S.C. § 1962(a), Plaintiff has been injured in

their business and property in that Plaintiff has lost monies that it invested in HHG Land Holdings LLC.

**WHEREFORE,** Plaintiff requests that this Court enter judgment against Defendant HH Gulfstream LLC for violations of 18 USC 1961, et.seq. – the Civil Racketeering Influenced Corrupt Organizations Act in an amount to be determined at trial, but anticipated to be no less than $6,000,000, plus treble damages, plus interest, costs, disbursements and attorney's fees plus all available remedies under 18 USC 1961, et.seq.

**COUNT IV**
**PURSUANT TO RELIEF UNDER**
**CIVIL RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT,**
**18 U.S.C. §1961(b), ET. SEQ. ("RICO")**
**AGAINST DEFENDANTS ANDREW GREENBAUM**
**AND DEFENDANT STEVE MICHAEL**

296.    The allegations set forth in paragraphs "1" through "96" and paragraph "98 through "275" above are re-alleged as if fully set forth herein.

297.    This Count is against Defendant Defendant Andrew Greenbaum and Defendant Steve Michael for violations of 18 U.S.C. § 1962(b).

298.    Defendant HH Gulfstream LLC is an enterprise engaged in and whose activities affect interstate commerce.

299.    Defendant Hudson Holdings LLC is an enterprise engaged in and whose activities affect interstate commerce.

300.    Defendant Andrew Greenbaum and Defendant Steve Michael acquired and maintained interests in and control of the enterprise through a pattern of racketeering activity. Specifically, Defendant Andrew Greenbaum and Defendant Steve Michael caused numerous entities which they formed in order to solicit and obtain funds from investors for

the purpose of defrauding the investors and using the funds for their own personal benefit and living expenses.

301.    The soliciting of and obtaining of funds from investors for the purpose of defrauding the investors and using the funds for their own personal benefit and living expenses through the use of United States Mail and wire through email and telephonic communications constitutes a pattern of racketeering activity pursuant to 18 U.S.C. § 1961(5).

302.    The acts of mail fraud and wire fraud set forth above constitute a pattern of racketeering activity pursuant to 18 U.S.C. § 1961(5).

303.    Defendant Andrew Greenbaum and Defendant Steve Michael have directly and indirectly acquired and maintained interests in and control of the enterprise thorugh a pattern of racketeering activity described above, in violation of 18 U.S.C. § 1962(b).

304.    As a direct and proximate result of Defendant Andrew Greenbaum and Defendant Steve Michael's racketeering activities and violations of 18 U.S.C. § 1962(b), Plaintiff has been injured in their business and property in that Plaintiff was compelled to use its own funds and funds of its affilates in order to avoid defaulting on a guaranty provided by Plaintiff and/or Plaintiff's affiliates to Florida Community Bank, N.A.

**WHEREFORE,** Plaintiff requests that this Court enter judgment against Defendant HH Gulfstream LLC for violations of 18 USC 1961(b) in an amount to be determined at trial, but anticipated to be no less than $6,000,000, plus treble damages, plus interest, costs, disbursements and attorney's fees plus all available remedies under 18 USC 1961, et.seq.

**COUNT V**
**PURSUANT TO RELIEF UNDER**
**CIVIL RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT,**
**18 U.S.C. §1961(d), ET. SEQ. ("RICO")**
**AGAINST DEFENDANTS ANDREW GREENBAUM**
**AND DEFENDANT STEVE MICHAEL**

305.     The allegations set forth in paragraphs "1" through "96" and paragraph "98 through "275" above are re-alleged as if fully set forth herein.

306.     This Count is against Defendant Defendant Andrew Greenbaum and Defendant Steve Michael for violations of 18 U.S.C. § 1962(d).

307.     Defendant Andrew Greenbaum and Defendant Steve Michael agreed and conspired to violate 18 U.S.C. § 1962(a), 18 U.S.C. § 1962(b) and 18 U.S.C. § 1962(c). Specifically, Defendant Andrew Greenbaum and Defendant Steve Michael conspired to use or invest income that they derived from a pattern of racketeering activity in an interstate enterprise by creating entities to acquire real estate in Florida, Missouri and other States for the purpose of enriching themselves and defrauding investors and causing investors and lenders to lose money.

308.     Defendant Andrew Greenbaum and Defendant Steve Michael agreed and conspired to violate 18 U.S.C. § 1962(a), 18 U.S.C. § 1962(b) and 18 U.S.C. § 1962(c). Specifically, Defendant Andrew Greenbaum and Defendant Steve Michael conspired to acquire and maintain interests in the racketeering enterprise through a pattern of racketeering activity, using and violating United States statutes, including 18 U.S.C. § 1341 for mail fraud and 18 U.S.C. § 1343 for wire fraud over a number of years.

309.     Defendant Andrew Greenbaum and Defendant Steve Michael agreed and conspired to violate 18 U.S.C. § 1962(a), 18 U.S.C. § 1962(b) and 18 U.S.C. § 1962(c).

Specifically, Defendant Andrew Greenbaum and Defendant Steve Michael conspired to conduct and participate in the conduct of the affairs of the racketeering enterprise thorugh a pattern of racketeering activity.

310.    Defendant Andrew Greenbaum and Defendant Steve Michael have intentionally conspired and agreed to directly and indirectly use or invest income that is derived from a pattern of racketeering activity in an interstate enterprise, acquire or maintain interests in the racketeering enterprise through a pattern of racketeering activity, and conduct and participate in the conduct of the affairs of the racketeering enterprise through a pattern of racketeering activity. Defendant Andrew Greenbaum and Defendant Steve Michael knew that their predicate acts were part of a pattern of racketeering activity and agreed to the commission of those acts to further the schemes described above.  That conduct constitutes a conspiracy to violate 18 U.S.C. § 1962(a), 18 U.S.C. § 1962(b) and 18 U.S.C. § 1962(c) in violation of 18 U.S.C. § 1962(d).

311.    As a direct and proximate result of Defendant Andrew Greenbaum and Defendant Steve Michael's conspiracy, the overt acts taken in furtherance of that conspiracy, and violations of 18 U.S.C. § 1962(d), Plaintiff has been injured in their business and property in that Plaintiff has lost its investment in HH Gulfstream Land Holdings, LLC as the value of the Real Property has decreased and Plaintiff was compelled to use its own funds and funds of its affilates in order to avoid defaulting on a guaranty provided by Plaintiff and/or Plaintiff's affiliates to Florida Community Bank, N.A.   Defendant Andrew Greenbaum and Defendant Steve Michael used mail fraud, wire fraud and common law fraud to commit and further the conspiracy.

**WHEREFORE,** Plaintiff requests that this Court enter judgment against Defendant HH Gulfstream LLC for violations of 18 USC 1961(d) in an amount to be determined at trial, but anticipated to be no less than $6,000,000, plus treble damages, plus interest, costs, disbursements and attorney's fees plus all available remedies under 18 USC 1961, et.seq.

### COUNT VI
### FOR CIVIL RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT, FLA. STAT. §4:170 ("RICO") AGAINST DEFENDANT ANDREW GREENBAUM, DEFENDANT STEVE MICHAEL AND DEFENDANT HH GULFSTREAM LLC

312. The allegations set forth in paragraphs "1" through "96" and paragraph "98 through "275" above are re-alleged as if fully set forth herein.

313. Defendant Andrew Greenbaum violated 18 U.S.C. §1962 et.seq.

314. Defendant Steve Michael violated 18 U.S.C. §1962 et.seq.

315. Defendant HH Gulfstream LLC violated 18 U.S.C. §1962 et.seq.

316. Plaintiff suffered injury to their business interests located in the United States.

317. Plaintiff suffered injury to their personal property located in the United States, to wit: membership interests in HH Gulfstream Land Holdings, LLC.

318. Plaintiff suffered injury to its limited liability company interests.

319. Plaintiff suffered injury to its indirect real property interests in the Real Property.

320. The violation by Defendant Andrew Greenbaum of 18 U.S.C. §1962 et.seq. caused the injuries sustained by Plaintiff.

321. The violation by Defendant Steve Michael of 18 U.S.C. §1962 et.seq. caused the injuries sustained by Plaintiff.

322.    The violation by Defendant HH Gulfstream LLC of 18 U.S.C. §1962 et.seq. caused the injuries sustained by Plaintiff.

**WHEREFORE,** Plaintiff requests that this Court enter judgment against Defendant Andrew Greenbaum, Defendant Steve Michael and Defendant HH Gulfstream LLC for violations of Fla. Stat. §4:170 – the Florida Civil Racketeering Influenced Corrupt Organizations Act in an amount to be determined at trial, but anticipated to be no less than $6,000,000, plus treble damages, plus interest, costs, disbursements and attorney's fees plus all available remedies under Fla. Stat. §4:170, et.seq.

Dated this March 25, 2018

**ROSEN LAW LLC**
Attorneys for Plaintiff
CDS Gulfstream, LLC
500 Village Square Crossing, Suite 101
Palm Beach Gardens, Florida 33410
561-899-9999
Fax 561-584-6434

_____
GARY ROSEN, ESQ.
Florida Bar No.: 0190012
Email: grosen@rosenlawllc.com

**KAPLAN & PARKER, LLP**
Co-Counsel Attorneys for Plaintiff
CDS Gulfstream, LLC
3399 PGA Boulevard, Suite 150
Palm Beach Gardens, Florida 33410
Telephone: (561) 296-7900

By: __/s/ **Stuart N. Kaplan**_____
STUART N. KAPLAN, ESQ.
Florida Bar No.: 0647934
Email: skaplan@kaplanparkerlaw.com
Secondary Email: jwise@kaplanparkerlaw.com

**LAW OFFICE OF JOSEPH G. SCONZO**
Co-Counsel Attorneys for Plaintiff
CDS Gulfstream, LLC
250 South Central Boulevard, Suite 201
Jupiter, Florida 33458
Telephone: (561) 781-3000

By: __/s/ **Joseph G. Sconzo**____
JOSEPH G. SCONZO, ESQ.
Florida Bar No.: 508720
Email: josephgsconzolaw@gmail.com

CASE NO. _____-CV-_____
**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CDS Gulfstream, LLC
individually and as a class on behalf of
other similarly situated individuals and business entities
that were induced by Defendant Andrew Greenbaum
a/k/a Avi Greenbaum and Defendant Steve Michael
a/k/a Steven Michael into investing monies in entities
for real estate investments from and after March 27, 2014.

        Plaintiff,

   - against -

Andrew Greenbaum a/k/a Avi Greenbaum,
Steve Michael a/k/a Steven Michael
HH Gulfstream LLC and
Hudson Holdings LLC

        Defendants.

**COMPLAINT**

**SIGNATURE (RULE 11)**

_____
**GARY S. ROSEN, ESQ.**

**ROSEN LAW LLC**
**500 Village Square Crossing, Suite 101**
**Palm Beach Gardens, Florida 33410**
**(561)-899-9999**
